NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SWEEPSTAKES PATENT COMPANY, LLC,**
*Plaintiff-Appellant*

**INGENIO, FILIALE DE LOTO-QUEBEC INC.,**
*Plaintiff*

**v.**

**CHASE BURNS, INTERNATIONAL INTERNET TECHNOLOGIES, LLC, ALLIED VETERANS OF THE WORLD, INC., AND AFFILIATES, ALLIED VETERANS MANAGEMENT GROUP, INC., JOHNNY DUNCAN, JERRY BASS, JOHN M. HESSONG, MICHAEL DAVIS,**
*Defendants-Appellees*

---

2014-1851

---

Appeal from the United States District Court for the Middle District of Florida in No. 6:14-cv-00151-ACC-KRS, Judge Anne C. Conway.

---

Decided: April 20, 2015

---

JOEL B. ROTHMAN, Schneider Rothman IP Law Group, Boca Raton, FL, argued for plaintiff-appellant. Also represented by JEROLD I. SCHNEIDER.

STEPHEN D. MILBRATH, Allen, Dyer, Doppelt, Milbrath & Gilchrist, P.A., Orlando, FL, argued for defendants-appellees.

———————————

Before PROST, *Chief Judge,* CLEVENGER and SCHALL, *Circuit Judges.*

PROST, *Chief Judge.*

Sweepstakes Patent Company, LLC ("SPC") waived its right to appeal the issue of whether the district court should have applied Quebec Law. Thus, we affirm the district court's grant of the motion to dismiss for lack of standing.

## BACKGROUND

This case involves the invention of a new method and system for playing an interactive lottery game. The method was invented by Mr. Perry Kaye, who obtained two patents covering his invention, U.S. Patent Nos. 5,569,082 and 5,709,603 ("patents"). On March 5, 1999, Mr. Kaye sold the patents to Ingenio and Ingenio agreed to license the patents back to Mr. Kaye's company, Gizmo Enterprises, Inc. ("Gizmo") for use in two fields: charitable lottery games and promotional games. The license agreement included an applicable law section, which contains a forum selection clause and a choice of law clause, and detailed requirements for when Gizmo had to receive Ingenio's permission to file a patent infringement suit. In August 2012, Gizmo assigned its rights under the license agreement to SPC.

On January 29, 2014, SPC filed a lawsuit against Chase Burns; International Internet Technologies, LLC;

Allied Veterans of the World, Inc.; et al. ("Defendants") for induced, direct, and contributory infringement of the patents. In response, Defendants filed a motion to dismiss for lack of standing, or in the alternative a motion to stay. SPC included Ingenio as a nominal plaintiff. Ingenio in turn filed a Rule 11 motion against SPC alleging that SPC filed the complaint knowing that it did not have standing, as SPC had not received written consent from Ingenio as required by the license agreement. Following Ingenio filing a Rule 11 motion, SPC filed a cross-claim against Ingenio seeking a declaration that SPC had standing to sue under the license agreement. In response, Ingenio filed a motion to dismiss the cross claim for lack of standing. The district court held a hearing on July 22, 2014 to address various motions, including the motions to dismiss.

The district court granted both the Defendants' and Ingenio's motions to dismiss, but denied as moot the Defendants' alternative motion to stay the case. The district court additionally denied Ingenio's motion for Rule 11 sanctions. The district court's decision to grant the motions to dismiss was grounded in the fact that SPC did not meet the standing requirements to bring a patent suit. Specifically, the district court found that under the plain language of the license agreement SPC had to obtain Ingenio's prior written consent to institute any claim or legal proceeding relating to the patents. As SPC failed to obtain Ingenio's written consent, the district court held that SPC lacked standing to bring the suit.

## DISCUSSION

SPC argues that the district court improperly failed to apply foreign law when the court interpreted the license

agreement.[1]  The Defendants respond that the argument
was waived because SPC never raised this argument with
the district court.  We agree with the Defendants.

Waiver is governed by local circuit law, in this case
the Eleventh Circuit.  *Innogenetics, N.V. v. Abbott Labs.*,
512 F.3d 1363, n. 5 (Fed. Cir. 2008).  Under Eleventh
Circuit case law, the doctrine of waiver prohibits parties
from raising new arguments on appeal that were not
raised at the district court.  *See, Mesa Air Grp. v. Delta
Air Lines, Inc.*, 573 F.3d 1124, 1128-29 (11th Cir. 2009)
(finding that where a party had failed to present a choice-
of-law issue to the trial court, the issue was waived on
appeal).  Additionally, apart from Eleventh Circuit case
law, Federal Rule of Civil Procedure Rule 44.1 ("FRCP
44.1"), entitled Determining Foreign Law, reads in rele-
vant part, "A party who intends to raise an issue about a
foreign country's law must give notice by a pleading or
other writing."

SPC fails to provide any evidence that it preserved
the argument it now raises on appeal.  First, SPC's briefs
do not provide a single citation to the record that would
satisfy FRCP 44.1.  While SPC argues that it put the
district court on notice because "[t]he District Court had
the License Agreement before it, reviewed it, and posed
the question during oral argument about whether the
District Court or a Court in Canada should interpret the
License Agreement since the License Agreement also had
a forum selection clause," Reply Brief 2, this statement
does not satisfy the requirements of FRCP 44.1.  FRCP
44.1 requires a pleading or a writing—simply attaching a
contract to a motion does not qualify as either a pleading
or a writing.  Furthermore, the quoted language refers to
the forum selection clause, not the choice of law clause,

---

[1]    SPC makes no claim that the district court misin-
terpreted the contract under Florida law.

and thus fails to put the district court on notice as required by FRCP 44.1.

Second, at oral argument, SPC was asked repeatedly to provide a citation to the record to where it preserved its appeal. The one citation that SPC did eventually provide the court was to a sentence in SPC's Memorandum in Opposition to Motion to Dismiss. Oral Arg. at 33:00, *available at* http://oralarguments.cafc.uscourts.gov/default.aspx?fl=2014-1851.mp3. The cited language reads: "Furthermore, the issues raised on the Cross-Claim are either not issues of Quebec law, or if Quebec law does apply then this Court can easily construe Quebec Civil law." JA 1250. However, this single sentence also fails to comply with FRCP 44.1 as it simply indicates that the application of foreign law *may* be an issue, not that it is an issue that should be addressed by the district court.

Third, and finally, SPC argues that the burden was on the district court to inform the parties that it would construe the contract under Florida law, rather than Quebec law. This fundamentally misses the point of FRCP 44.1. FRCP 44.1 squarely places the burden on the party wishing to have the court apply foreign law, not on the court.

Beyond failing to comply with FRCP 44.1, SPC's briefing to the district court specifically maintained that the license agreement should be interpreted under its plain meaning.[2] SPC argued that "[it] has Standing under the Plain Language of the License Agreement." J.A. 695 (emphasis omitted). In fact, SPC never even mentions Quebec law in reference to the proper interpretation of the contract language. Thus, SPC went beyond

---

[2] SPC now argues that the license should have been construed under Quebec law, which does not match Florida's rules of contract interpretation.

simply failing to provide the court appropriate notice—it affirmatively argued to the district court for the plain reading of the license agreement.

Accordingly, as Sweepstakes did not raise the argument that the license agreement should be interpreted under Quebec law to the district court, it has waived that argument here.

We have reviewed SPC's remaining arguments and find them unpersuasive.

## CONCLUSION

It is simply too late now for SPC to come to us and complain about the district court's construction of the license agreement. Therefore, for the reasons stated above, we affirm the judgment of the U.S. District Court for the Middle District of Florida.

**AFFIRMED**